IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JONATHAN LYNN DALES,<br>    Plaintiff,<br><br>v.<br><br>HAYSI REGIONAL JAIL,<br>    Defendant. | Civil Action No. 7:16cv00386<br><br>By: Elizabeth K. Dillon<br>United States District Judge |

**MEMORANDUM OPINION**

Plaintiff Jonathan Lynn Dales, a Virginia inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, naming only the "Haysi Regional Jail" as a defendant and alleging that he received a disciplinary charge for threatening staff, staff physically and mentally abused him, he filed grievances that were not answered, and he was placed in administrative segregation. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Because a jail is not a legal entity, it is not a "person" subject to suit under § 1983, and Dales cannot maintain this action against the defendant jail.[1] *See McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) (a jail "is not an individual, a corporation, a partnership, or an unincorporated association. Therefore, it lacks the capacity to be sued as a jail."). Accordingly, the court will dismiss this action without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

---

[1] By order entered August 31, 2016, the court advised Dales that his complaint failed to state a claim under § 1983 against the named defendant and gave Dales the opportunity to amend his complaint to correct the deficiency. Dales filed an amended complaint that still names only the jail as a defendant.

The court notes that the Southwest Virginia Regional Jail Authority ("Jail Authority") operates the Haysi Facility. Even if the court were to construe Dales' claims as against the Jail Authority, his claims nevertheless fail. "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978). Thus, a governmental entity, such as a regional jail authority, is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981). That is, the entity's official policy or custom must have played a part in the alleged violation of federal law. *Oklahoma City v. Tuttle*, 471 U.S. 808, 817-18 (1985). Although a *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), a complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In this case, Dales does not allege that any official policy or custom of the Jail Authority was responsible for the violations or injuries he allegedly suffered, and, therefore, Dales has failed to state a claim against the Jail Authority.

Further, even if Dales had named an actual person to this action, his allegations as stated in his amended complaint are far too vague, conclusory, and unsupported by any specific facts to state a cognizable federal claim. Dales alleges that he received a disciplinary charge for threatening staff. He does not allege facts showing that this charge was improper or unlawful in any way. Dales alleges that staff physically and mentally abused him. The Eighth Amendment

prohibits prison officials from inflicting unnecessary and wanton pain and suffering on prisoners. *Whitley v. Albers*, 475 U.S. 312, 320 (1986). To resolve a claim that prison staff's excessive force violated the Eighth Amendment, the court must determine whether the force applied was "in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* at 320-21. Whether the force was necessary or intentionally aimed at inflicting unnecessary physical harm depends on factors such as the need for the application of force, the relationship between the need and the amount of force used, the extent of injury inflicted, the extent of the threat to the safety of staff and inmates reasonably perceived by responsible officials, and any efforts made to temper the severity of a forceful response. *Id.* at 321; *see, e.g., Wilkins v. Gaddy*, 559 U.S. 34 (2010). Dales provides no facts concerning his vague and conclusory allegation of abuse and, thus, has not stated a cognizable Eighth Amendment claim. Dales alleges that he filed grievances that were not answered. However, inmates do not have a constitutionally protected right to participate in the grievance procedure. *See*, *e.g.*, *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Finally, Dales alleges that he was placed in administrative segregation. Dales does not allege any facts showing that his placement in administrative segregation was improper or unlawful in any way. Accordingly, the court finds that Dales' allegations as they currently exist are insufficient to state a cognizable federal claim against anyone.

The court notes that nothing in this opinion precludes Dales from bringing a more detailed action against any individuals who may have violated his rights, assuming he has exhausted his remedies in accordance with 42 U.S.C. § 1997e.

An appropriate order will be entered.

Entered: December 8, 2016.

                                              */s/ Elizabeth K. Dillon*
                                              Elizabeth K. Dillon
                                              United States District Judge

4

Case 7:16-cv-00386-EKD-RSB   Document 11   Filed 12/08/16   Page 4 of 4   Pageid#: 38